*410 OPINION of the Court, by
Judge Owsraw.
To an ac*'h>n of trespass brought by Henry in the court below against M’Murtry, for taking two negroes from his pos-session, and which he alleges in his declaration belong-e(^ him, M’Murtry pleaded, that “ the plaintiff Hen-ry his action ought not to have and maintain, because he says the negroes in the declaration mentioned were not the property of the plaintiff, but the property of a cer-ta*n Josiah Pitts; and that on the-day of —- 1814, sundry executions were issued by a certain John a justice of the peace for Scott county, in fa-vor °f John Jones, and against the estate of the said Josiah Pitts, which executions were put into the hands *411 of him the said M’Murtry ara constable for Scott county, for the purpose of making the money therein mentioned, and that by virtue thereof he the said M’Murtry took possession of the negroes in the declaration mentioned ; and that is the same trespass in the declaration mentioned.” Ac.
it u not the ?roper. ty levied was ⅛
To this plea the plaintiff in the court below, the de-fendanthere, made a general replication;• and issue being joined thereto, a verdict and judgment were obtained in favor of Henry : to reverse which, M’Murtry has prosecuted this writ of error with supersedeas.
In the progress of the trial in the court below, various exceptions were taken by M’Murtry to the decisions of that court; but as they grew out of the trial of the issue joined upon the matter alleged by him in his special plea, it is proper we should examine into the sufficiency of that plea to bar the action : for if it is substantially defective, the issue4akento it is immaterial; and according to the settled adjudications of this court, no irregularity which may have intervened on the trial of the issue, will authorise a reversal of the judgment at the instance of M’Murtry; and consequently an examination into exceptions taken by him would be altogether nugatory.
If the allegations of the plea are sufficient to show the negroes were taken by M’Murtry in strict conformity to a valid writ of fieri facias issuing from a court of competent jurisdiction against the estate of Pitts, as those negroes are also alleged tobe the property of Pitts, and not that of Henry, M’Murtry certainly did right in taking them : for although Henry may have had the pos* session of the negroes, yet if it be'true they were the property of Pitts, as an oflieer regarding his duty and acting under a proper authority against the estate of Pitts, M’Murtry was compelled to take them in execution, and assuchcould’not be subjected to the action of Henry.
But notwithstanding the negroes are alleged by the> plea to belong, to Pitts, yet as by admitting the taking from Henry he must be supposed to have had the possession, to justify M’Murtry in violating that possession it is essential he should have acted legally under compe-> tent authority against the estate of Pitts. Whether, therefore, the plea of M’Murtry is good, turns upon the» sufficiency of its allegations to show he acted under sucte an authority.
*412 We are of opinion the allegations are insufficient for that purpose : for although it is averred an execution issued from a justice of the peace against the estate of Pitts, it is impossible to know whether it was such an one as the justice was authorised to issue, or that the constable was bound to obey ; for as the jurisdiction of justices is limited to a certain amount, beyond that it is plain they cannot issue executions ; but if they were, under such an execution an-officer could not justify.
To make the plea a good bar, therefore, it should by some allegation have shown that the sum for which the execution issued did not exceed the jurisdiction of the justice.
But were this objection to the plea removed, still we should be of opinion it is insufficient: for if the execution under which M’Murtry is said to have taken the negroes, was such as the justice might lawfully issue, and in every respect confor ms strictly to the requisitions of the law\ as in that case it could furnish no authority to the officer to take the pr operty after the return day, in justifying under the execution the plea should in substance have averred the taking before the return day.
Judgment affirmed.